UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WINDWOOD OAKS TAMPA APARTMENTS, LTD,**

    Plaintiff,

v.                                          Case No. 8:19-cv-203-T-23AAS

**GENESTA MCCALL,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Genesta McCall, proceeding pro se, seeks leave to remove this action in *forma pauperis*. (Doc. 2).

Ms. McCall's application to proceed *in forma pauperis* demonstrates she cannot pay the filing fee or incur the costs of these proceedings. (*Id.*). However, Ms. McCall's petition for removal asserts no claim over which this court has jurisdiction.

In her "Petition for Removal" (Doc. 1), Ms. McCall cites 28 U.S.C. § 1441(b) as the basis for removal, but, according to Ms. McCall's civil cover sheet, the parties are both citizens of Florida (Doc. 1-3, p. 1). In the "Basis of Jurisdiction" section of the civil cover sheet, Ms. McCall indicates the court has original jurisdiction due to a federal question. (*Id.*). Ms. McCall alleges Windwood Oaks Tampa Apartments, Ltd. ("Windwood") is "attempting to collect a debt in violation of the Fair Debt Collection Practices Act (FDCPA) of 1978." (Doc. 1, p. 2). She also asserts her state court

1

eviction proceedings are "occurring in violation of the Uniform Commercial Code of 15 U.S.C. 1692." (*Id.* at p. 1).

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court based on federal question jurisdiction. *See* 28 U.S.C. § 1441(a). Federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936).

The underlying complaint asserts no federal claims. (*See* Doc. 1-1). Instead, Windwood brings a state action to evict Ms. McCall from an apartment for failure to pay rent. (Docs. 1-1, 1-2). If Ms. McCall is attempting to remove this action by asserting defenses or counterclaims, that basis of removal is improper. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("[D]efendants' defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action.").

The undersigned **RECOMMENDS** Ms. McCall's request to proceed *in forma pauperis* (Doc. 2) be **DENIED** and this action be **REMANDED** to the County Court, in and for Hillsborough County.

**ENTERED** in Tampa, Florida on February 11, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations in this report within fourteen days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:  Genesta McCall